UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TODD J. TAYLOR, on his own behalf and on behalf of all those similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) Case No. _____ |
| vs. | ) ) |
| ANTHEM INSURANCE COMPANIES, INC., and THE ELEVANCE HEALTH COMPANIES, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

## CLASS ACTION ERISA COMPLAINT

Plaintiff Todd J. Taylor, on his own behalf and on behalf of all those similarly situated, to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, alleges as follows:

**I.    INTRODUCTION AND NATURE OF THE ACTION**

1. This is a class action on behalf of ERISA participants and beneficiaries of health plans administered and/or underwritten by defendants Anthem Insurance Companies, Inc. ("Anthem") and/or The Elevance Health Companies ("Elevance" collectively "Defendants"). Defendants uniformly adjudicate requests for Proton Beam Radiation Therapy ("PBRT") to treat cancer as experimental, investigational and/or unproven, and accordingly not medically necessary. Yet PBRT has, for decades, been recognized by the medical community as an established, medically appropriate, safe and effective treatment for cancer.

1

## II. PARTIES

2. Plaintiff Todd J. Taylor ("Plaintiff" or "Taylor") resides in Franklin, Tennessee, within this judicial district. He participates in a self-funded employer sponsored health plan sponsored by his employer.

3. Defendant Anthem Insurance Companies, Inc., which does business as (among other things) Anthem Blue Cross Blue Shield, is the claim administrator delegated by Taylor's employer with discretionary authority to decide cancer claims. In this Complaint, "Anthem" refers to this named defendant and all successor, prior, related, parent and subsidiary entities to which these allegations pertain. Anthem may be served with process to its Indiana registered agent C T Corporation System, 334 North Senate Avenue, Indianapolis, IN 46204.

4. Defendant The Elevance Health Companies, Inc. is the licensee for Anthem Blue Cross Blue Shield. In this Complaint, "Elevance" refers to this named defendant and all successor, prior, related, parent and subsidiary entities to which these allegations pertain. Elevance may be served with process to its Tennessee registered agent C T Corporation System, 300 Montvue Rd, Knoxville, TN 37919-5546.

## III. JURISDICTION

5. This Court has jurisdiction over this case under 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 1132(e) (ERISA). This Court has personal jurisdiction over Defendants because they conduct business within this judicial district.

## IV. VENUE

6. Venue is appropriate in this district because Taylor and Defendants are either citizens of this judicial district and/or may be found here, and many of the breaches at issue took place here. 29 U.S.C. § 1132(e)(2). Venue is also proper under 28 U.S.C. § 1391(b), because a

substantial part of the events or omissions giving rise to Taylor's claims occurred within this district.

V. **BACKGROUND**

A. **PBRT Treatment.**

7. PBRT is a procedure that deposits protons over a very small area, allowing a precise targeting of high doses of proton beams to a tumor, with no "exit dose" beyond the tumor involved. It enables patients to tolerate higher total doses of radiotherapy, compared with photons, which are used for traditional intensity-modulated radiation therapy. It is viewed as particularly useful in treating tumors near vital organs or structures, where surgical excision or administration of adequate doses of conventional radiation is difficult or impossible. It is also associated with reduced risk of ischemic heart disease, including fatal heart attacks. On February 22, 1988, the United States Food and Drug Administration approved the Proton Therapy System, which it describes as a "device that produces by acceleration high energy charged particles (e.g., electrons and protons) intended for use in radiation therapy." 21 C.F.R. § 892.5050. The FDA has issued the following statement of indications for intended use: "The [Proton Therapy System] is a medical device designed to produce and deliver proton beams for the treatment of patients with localized tumors and other condition."

8. Medicare covers PBRT as a safe and effective treatment for cancer that is medically necessary and not experimental, investigational or unproven.

B. **Defendants' Coverage Promises.**

9. Defendants promise to authorize coverage for services that are a) delivered by an eligible provider, b) provided within network or out of network, c) medically necessary, d) a

covered expense, and e) authorized. (**Ex. A, HealthPlus PPO Medical Plans 2021 at p. 4**).
Services are considered medically necessary if they are:

    a. appropriate given the symptoms and consistent with the diagnosis;
    b. related to the diagnosis, evaluation or treatment of the illness or injury;
    c. rendered in accordance with generally accepted medical practice and professionally recognized standards;
    d. known to be effective, as proven by scientific evidence, in materially improving health outcomes;
    e. cost-effective compared to alternative interventions;
    f. not regarded as experimental, educational, investigative, unproved or obsolete;
    g. provided in the most appropriate setting that can be safely provided, consistent with recognized professional standards of care;
    h. not provided primarily for the convenience and/or comfort of the patient, family, doctor or other medical provider;
    i. specifically allowed by the licensing statutes that apply to the provider rendering the service; and
    j. not otherwise excluded.

(**Ex. A at p. 3**).

10. In reviewing a request for coverage, Defendants must consider the patient's health status; peer information published in medical literature; reports and guidelines; professional standards; opinions of health care professionals; and the treating doctor's opinion. (**Ex. A at p. 3.**).

11. Cancer treatment, including radiation and chemotherapy, is covered by Defendants (**Ex. A at p. 23**).

### C. Taylor's Cancer.

12. Taylor was diagnosed in September 2022 with prostate cancer. Taylor is a heart transplant survivor, which results in him being immuno-compromised. He also has diabetes. His treating physicians have uniformly recommended PBRT to treat his prostate cancer.

### D. Defendants' Denial.

13. Taylor sought pre-authorization for the recommended PBRT treatment from Defendants. On November 2, 2022, Defendants denied the request because "[t]here is no proof or not enough proof this treatment improves health outcomes for this condition."

14. Taylor appealed. Defendants affirmed their earlier denial by letter on December 2, 2022. Again, Defendants explained the decision by a single sentence: "There is no proof or not enough proof this treatment improves health outcomes for this condition over established treatments."

15. This exhausted Defendants' mandatory internal appeal procedure.

16. Taylor commenced PBRT treatment in March 2023. He is personally paying for the procedure.

## VI. CLASS ALLEGATIONS

17. Taylor brings this action on behalf of the following class:

All participants or beneficiaries in ERISA-regulated plans underwritten or administered by Defendants who were denied health insurance coverage for Proton Beam Radiation Therapy to treat their cancer because Defendants concluded that the treatment's effectiveness was either unproven, or not proven enough, or words to that effect. The class includes persons whose post-service claims for reimbursement were denied and persons whose pre-service requests for authorization were denied.

18. The definition "medically necessary" services or treatment in the plans that Defendants administer are substantially similar to the definitions in Taylor's plan, and those terms are interpreted by Defendants as having the same meaning as comparable terms and exclusions in the Defendants' plans covering all class members.

19. The class period six-years back from the commencement of this action up to the date of class certification.

20. The members of the class are so numerous that joinder of all members is impracticable.

21. While the precise number of class members is known only to Defendants, it is the fiduciary and has issued certificates of coverage for thousands of employer-sponsored ERISA plans, and PBRT has become so widespread that, at minimum, requests numbering in the hundreds, if not thousands, must have been submitted to and denied by Defendants for coverage of this therapy.

22. The class is ascertainable because its members can be readily identified using Defendants' claims data. PBRT therapy is described with a discrete set of procedure codes under the Current Procedural Terminology promulgated by the American Medical Association. Class members can be readily and objectively ascertained through use of records maintained by Defendants.

23. This action satisfies the requirements of Fed. R. Civ. P. 23(a)(2) and 23(b)(3) because questions of law and fact that have common answers predominate over questions affecting only individual class members. These include, without limitation:

   a. whether Defendants categorically applied its PBRT coverage policy to all class members;
   b. whether Defendants' PBRT coverage policy is more restrictive than the coverage promises in the class members' plans;
   c. whether PBRT is unproven, or not proven enough; and
   d. whether Defendants' denial of coverage for PBRT treatment violated the terms of the class members' plans.

24. Taylor's claims are typical of the claims of class members because Taylor is an ERISA participant in a plan administered by Defendants, he submitted claims for coverage for PBRT treatment because of cancer, and Defendants denied his claim based on its coverage policy.

25. Taylor will fairly and adequately protect the interests of the class members. Taylor's interests do not conflict with the interests of the members of the class. Further, Taylor has retained counsel who are competent and experienced in complex class action litigation, and Taylor and his counsel intend to prosecute this action vigorously on behalf of the class members and have the financial resources to do so. Neither Taylor nor his counsel have any interest adverse to those of the class members.

26. This action satisfies Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications that could establish incompatible standards of conduct for Defendants.

27. This action satisfies Fed. R. Civ. P. 23(b)(2) because by applying a uniform PBRT coverage policy, Defendants have acted and refused to act on grounds that applies generally to the class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct to class members, and making final injunctive relief appropriate.

28. This action satisfies Fed. R. Civ. P. 23(b)(3) because a class action is superior to other available methods to fairly and efficiently adjudicate this matter. Questions of law and fact predominate over questions affecting only individual class members.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impracticable. Further, because the unpaid benefits denied class members are small compared to the expense and burden of individual litigation, it is impossible for class members to individually redress the harm done, because most class members would not have a rational economic interest in individually prosecuting this action, and the burden imposed on the judicial system by individual litigation by

7

Case 3:23-cv-00541    Document 1    Filed 05/25/23    Page 7 of 10 PageID #: 7

even a small fraction of the class would be enormous, making the class adjudication the superior alternative under Fed. R. Civ. P. 23(b)(3)(A).

30. The conduct of this action as a class action presents far fewer management difficulties, far better conserves judicial resources and the parties' resources, and far more effectively protects the rights of each class member than would piecemeal litigation. Compared to the expense, burdens, inconsistencies, economic infeasibility, and inefficiencies of individualized litigation, the challenges of managing this action as a class action are substantially outweighed by the benefits to the legitimate interests of the parties, the court, and the public of class treatment in this court, making class adjudication superior to other alternatives, under Fed. R. Civ. P. 23(b)(3)(D).

## VII. CAUSES OF ACTION

### COUNT 1
*(**Improper Denial of Benefits On Behalf Of Plaintiff And The Class**)*

31. Plaintiff restates paragraphs 1 – 30.

32. Plaintiff's Count 1 is brought individually and on behalf of the class. It is brought via 29 U.S.C. § 1132(a)(1)(B).

33. PBRT is not unproven, and is medically necessary, as those terms are defined by Defendants.

34. PBRT is a medically necessary health care service, as that term is defined by Defendants.

35. Defendants denied Plaintiff's and class members' requests for coverage for PBRT treatment without conducting a full and fair review of these claims and in violation of their plans.

36. Plaintiff and class members have been harmed by Defendants' improper benefits denial because they were deprived of health coverage benefits they were owed.

8

## VIII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants as follows:

i. certifying the class, as set forth in this Complaint, and appointing Plaintiff as Class Representative and undersigned counsel as Class Counsel;

ii. declaring that Defendants wrongfully denied benefits for PBRT treatment to Plaintiff and members of the class.

iii. declaring that Defendants' claims adjudication and handling of Plaintiff's and PBRT class members' claims fails to adequately consider all relevant and important information before making a claim determination;

iv. awarding Plaintiff and PBRT class members their unpaid benefits and ordering Defendants to create a common fund out of which it will make payment, with interest, of any unpaid benefits to Plaintiff and PBRT class members;

v. awarding Plaintiff's disbursements and expenses of this action, including reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1), in amounts to be determined by the Court; and

vi. granting such other and further relief as is just and proper.

Dated: May 25, 2023

Respectfully submitted:

*/s/ Alyson S. Beridon*
Alyson S. Beridon (BPR #40040)
**Herzfeld, Suetholz, Gastel, Leniski
 & Wall, PLLC**
425 Walnut St., Ste 2315
Cincinnati, OH 45202
Ph: 513-381-2224
Email: alyson@hsglawgroup.com

Benjamin A. Gastel (BPR #28699)
**Herzfeld, Suetholz, Gastel, Leniski
 & Wall, PLLC**
223 Rosa L. Parks Ave., Ste 300
Nashville, TN 37203
Ph: 615-800-6225
Email: ben@hsglawgroup.com

John A. Yanchunis*
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505
Email: jyanchunis@ForThePeople.com

Robert R. Sparks*
**STRAUSS TROY CO., LPA**
150 E. Fourth Street, 4th Floor
Cincinnati, Ohio 45202
Telephone No.: (513) 621-2120
Email: rrsparks@strausstroy.com

Jordan Lewis*
**JORDAN LEWIS, P.A.**
4473 N.E. 11TH Avenue
Fort Lauderdale, FL 33334
Tel. : (954) 616-8995
Email: jordan@jml-lawfirm.com

*Counsel for Plaintiff*
**Pro Hac Vice* forthcoming