UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Todd J. Taylor** and **Thomas Lahowetz**, on their own behalf and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>**Blue Cross Blue Shield Healthcare Plan of Georgia, Inc.,** and **Anthem Insurance Companies, Inc.**<br><br>Defendants. | CASE NO. 3:23-cv-00541<br><br>Judge William L. Campbell Jr.<br>Magistrate Judge Jeffrey S. Frensley |

## ORDER GRANTING FINAL APPROVAL OF THE CLASS SETTLEMENT

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement and Memorandum in support. Having reviewed and considered the Settlement Agreement, the Unopposed Motion for Final Approval of Class Action Settlement, and all supporting papers, and having conducted a Final Approval Hearing, the Court makes the following findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** makes the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class, for settlement purposes only.

**IT IS ORDERED** that:

1. The Settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

2. The Court, for the purposes of this Final Order and Judgment, adopts the defined terms as forth in the Settlement Agreement for any term not otherwise defined herein. On May 22, 2026, the Court entered an order, which among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of notice under the Notice Program set forth in the Settlement Agreement; (b) provisionally certified a Settlement Class in this matter for settlement purposes only, including defining the Settlement Class, appointed Plaintiffs as the Class Representatives, and appointed Settlement Class Counsel; (c) preliminarily approved the Settlement; (d); set deadlines for opt-outs and objections; (e) approved and appointed the Settlement Administrator; and (f) set the date for the Final Approval Hearing.

3. In the Order Granting Preliminary Approval of Class Action Settlement, pursuant to Rule 23(b)(3) and 23(e), for settlement purposes only, the Court certified the Settlement Class, defined as follows:

> The persons identified by Anthem in discovery in this Action who sought coverage from Anthem for PBRT for prostate cancer but whose treatments were not covered by insurance (by Anthem or otherwise).

The Settlement Class specifically excludes: (i) any judicial officer presiding over the Action and the members of his/her immediate family and judicial staff: (ii) Anthem Counsel, their employees, and their immediate family, (iii) Class Counsel, their employees, and their immediate family, and (iv) any person who validly opts-out of the Settlement Class.

4. The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, grants final approval of the Settlement Agreement and defines the Settlement Class as defined therein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and

meets the requirements of Rule 23, and that the notice program afforded appropriate due process, with a reach of 95%.

5. The terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby finally approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the Settlement Agreement. Notice of the Final Approval Hearing and the Plaintiffs' Motion for Attorneys' Fees and Service Awards has been provided to Settlement Class Members as directed by this Court's Orders, and a declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court.

6. The Court finds that such Notice as therein ordered constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure. The Court finds that the notice program was reasonably calculated to, and did, provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their rights to object to and appear at the Final Approval Hearing or to exclude themselves from the Settlement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

7. The Court readopts and incorporates by reference its preliminary conclusions as to the satisfaction of the Federal Rules of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order. The Court notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the Settlement Class in the

Settlement Agreement.

8. As of the final date of the Opt-Out Deadline, zero Settlement Class Members have submitted timely and valid requests for exclusion from the Settlement Class

9. Zero valid objections were filed by Settlement Class Members.

10. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

11. Pursuant to the Settlement Agreement, Settlement Class Counsel, Defendants' Counsel, and the Settlement Administrator shall implement the Settlement in the manner and time frame as set forth therein. Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members are deemed to have completely and unconditionally released, forever discharged, and acquitted the Released Parties from all Released Claims, including Unknown Claims, as set forth and defined in the Settlement Agreement. Plaintiffs and Settlement Class Members are further barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, the Released Claims. The full terms of the Releases described herein are set forth fully in the Settlement Agreement, and the Releases are hereby approved and incorporated by reference.

12. Released Claims shall not include the right of any Settlement Class Member or the Released Parties to enforce the terms of the Settlement contained in the Settlement Agreement.

13. Upon the Effective Date, each Settlement Class Member who did not timely and validly exclude himself or herself from the Settlement shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against all Released Parties. Further, upon the Effective Date, and to the fullest

extent permitted by law, each Settlement Class Member who has not timely and validly excluded himself or herself from the Settlement, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

14. The Court affirms its appointment of Plaintiffs as Class Representatives. The Court concludes that the Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

15. The Court affirms its appointment of Jordan Lewis of Jordan Lewis, P.A.; Alyson S. Beridon of Herzfeld, Suetholz, Gastel, Leniski & Wall, PLLC ("HSGLaW"); John A. Yanchunis of Morgan & Morgan Complex Litigation Group; and Robert R. Sparks of Strauss Troy Co., LPA as Class Counsel on behalf of the Settlement Class Members.

16. This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendants of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendants or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Action.

17. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that

the Settlement Agreement and this Final Order and Judgment may be filed in any action by Defendants, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment (including, but not limited to, enforcing the releases contained herein).

18. The Settlement Agreement and Final Order and Judgment shall not be construed or be deemed admissible as an admission by Defendants that Plaintiffs' claims or any claims that were or could have been asserted in the Action are suitable for class treatment or any other litigation purpose.

19. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata, collateral estoppel, and all other preclusive effect in all pending and future causes of action, claims for relief, suits, demands, petitions, lawsuits, or other challenges or proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

20. If the Effective Date does not occur for any reason, this Final Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated nunc pro tunc, and the Parties shall be restored to their respective positions in the Action, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of

class certification or any other issue) . In such event, the Parties will jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid undue prejudice.

21. Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

22. In accordance with Rule 23, this Final Order and Judgment resolves all claims against all parties in this Action and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Final Order and Judgment as the final judgment in this matter.

23. Final Judgment and Dismissal. Pursuant to the terms of the Settlement, it is hereby ORDERED AND ADJUDGED that this Action is hereby dismissed with prejudice on the merits, with each side to bear its own costs and attorneys' fees, except as provided under the terms of the Settlement. This is the FINAL JUDGMENT of the Court in this Action.

**IT IS SO ORDERED** this 19th day of August, 2026.

William L. Campbell Jr.

Hon. Judge William L. Campbell Jr.
Chief United States District Court Judge